UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID NESBITT,

     Plaintiff,

v.

ROOSEN, VARCHETTI & OLIVIER,
PLLC, et al.,

     Defendants.

Case No. 26-10333
Honorable Laurie J. Michelson
Chief Magistrate Judge David Grand

---

**ORDER ADOPTING REPORT AND RECOMMENDATION [10] AND
GRANTING MOTION TO DISMISS [3, 5]**

---

After David Nesbitt defaulted on his car payments, Credit Acceptance Corporation (CAC) repossessed the vehicle and sued him in Wayne County Circuit Court for the remaining debt. When Nesbitt failed to respond to the state court complaint, a default judgment was entered against him along with a writ of garnishment. But Nesbitt believes the default and writ of garnishment were entered in error against him. So over a year later, Nesbitt filed this lawsuit in federal court against the 35th District Court, the state court clerks, and Roosen, Varchetti & Olivier, PLLC (RVO), the law firm tasked with the collection efforts. He brings several clams against the court employees and law firm: violations of his state and federal due process rights; violations of the Fair Debt Collection Practices Act; fraud upon the court and abuse of process; conversion and trespass against a trust estate; racketeering under the Racketeer Influenced and Corrupt Organizations Act

("RICO"); various civil rights violations; and negligent supervision and misconduct by public officers. (*See* ECF No. 1.)

The RVO defendants filed a motion to dismiss, arguing that Nesbitt's claims are barred by *res judicata* and too conclusory to comply with Federal Rule of Civil Procedure 8. (ECF No. 3.) The state court defendants also filed a motion to dismiss for contravening Rule 8, failing to allege actions by each named Defendant that could plausibly state a claim for relief, improperly invoking state and federal law, and failing to address let alone overcome Defendants' immunity from suit. (ECF No. 5.) Chief Magistrate Judge David R. Grand, to whom the case was referred for all pretrial proceedings, agreed with Defendants and filed a report recommending that this Court dismiss the case entirely. (ECF No. 10.) With no objections filed, the Court now ADOPTS that Report and Recommendation (*id.*) and dismisses the case. In so doing, the Court grants Defendants' motions to dismiss (ECF Nos. 3, 5).

**I.**

At the conclusion of his Report and Recommendation, Judge Grand notified the parties that they were required to file any objections within 14 days of service, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 10, PageID.117.)

Since Nesbitt was served via mail, three days are added to the objection period under Federal Rule of Civil Procedure 6(d). In all, waiting the 17-day objection period, and allowing some time for the Court to receive objections that Nesbitt may have

mailed, it has now been nearly a month since the Report and Recommendation was served. No objections have been filed.

Accordingly, the Court finds Nesbitt's failure to object is a procedural default that waives review of Judge Grand's findings by this Court. The Sixth Circuit has established that "so long as a magistrate judge puts the parties on notice that failure to object to an issue addressed in a report and recommendation waives the issue, 'a party shall file objections with the district court or else waive [the] right to appeal.'" *United States v. Scales*, No. 24-5905, 2025 WL 2042202, at *4 n.3 (6th Cir. July 21, 2025) (alteration in original) (quoting *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)); *see Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[T]he failure to object may constitute a procedural default waiving review even at the district court level."); *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made."). The Supreme Court has further held that this procedural default rule does not violate either the Federal Magistrates Act or the Federal Constitution. *Thomas*, 474 U.S. at 155.

## II.

The Court therefore finds that Nesbitt has waived further review of Judge Grand's Report and Recommendation and accepts the recommended disposition. (ECF No. 10.) It follows that Defendants' motions to dismiss (ECF Nos. 3, 5) are GRANTED.

SO ORDERED.

Dated: June 30, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE